IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * |
| v. | * |
| | * |
| MAXWEL ARIEL QUIJANO-CASCO, et al. | *   CRIMINAL NO. DLB-25-210 |
| | * |
| Defendant | * |
| | * |
| ****** | |

**MOTION TO EXCLUDE TIME PURSUANT TO THE SPEEDY TRIAL ACT**

The United States of America, by and through its undersigned counsel, respectfully submits this Motion to Exclude Time Pursuant to the Speedy Trial Act and moves to exclude time from the speedy trial calculations pursuant to 18 U.S.C. § 3161(h) from September 16, 2025, through December 15, 2025, as to defendants Maxwel Ariel Quijano-Casco, Daniel Isaias Villanueva-Bautista, and Josue Mauricio Lainez ("Defendants"). Counsel for Villanueva-Bautista and Lainez consented to this motion. The Government emailed counsel for Quijano-Casco on September 15 and 16, 2025 but did not receive a response.

1.  On July 10, 2025, the grand jury returned a sealed indictment charging the Defendants with conspiracy to participate in racketeering enterprise, in violation of 18 U.S.C. § 1962(d). ECF No. 1.

2.  On July 15, 2025, initial appearances and arraignments were held for each defendant before the Honorable Magistrate Judge Timothy J. Sullivan. ECF Nos. 10 (Lainez), 17 (Quijano-Casco), and 21 (Villanueva-Bautista). The defendants each consented to detention pending trial, without prejudice. ECF No. 12 (Lainez), 14 (Quijano-Casco), and 29 (Villanueva-Bautista).

3. On or about July 18, 2025, the Government filed a Motion to Toll Speedy Trial Act from July 18, 2025, to September 16, 2025. ECF No. 36. Counsel for Villanueva-Bautista and Lainez consented to the Motion. Counsel for Quijano-Casco opposed the motion on July 28, 2025. ECF No. 41. The Government filed a reply to Quijano-Casco's opposition on August 1, 2025. The motion has not been ruled on.

4. On September 3, 2025, the parties filed a Joint Status Update. ECF Nos. 47 and 48.

5. Now, the Government seeks to toll the Speedy Trial Act from September 16, 2025, through December 15, 2025.

6. The Speedy Trial Act requires a trial to begin within 70 days of indictment or initial appearance, whichever occurs later, 18 U.S.C. § 3161(c)(1), and entitles the defendant to dismissal of the charges (with or without prejudice) if that deadline is not met, 18 U.S.C. § 3162(a)(2).

7. Certain periods of time, however, are excluded from this 70-day clock. 18 U.S.C. § 3161(h). These include periods of time when a judge finds that "the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." 18 U.S.C. § 3161(h)(6). Also, when a judge finds on the record, that "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).

8. In this case, additional time is needed to allow the Government to continue producing discovery to each defendant. Discovery in this case is voluminous and requires collecting individual hard drives from defense counsel prior to productions. The Government made an initial production on July 30, 2025, producing nearly 300 gigabytes of data. The Government made a second discovery production on September 15, 2025, producing nearly 100

gigabytes of data.

9.   The Government intends to make additional productions. The Government has contracted with a translator to transcribe and translate three interviews from Spanish to English (327 minutes of conversation time for all three interviews) and that process could take up to 60 days, after which the Government will produce the resulting work product to the Defendants. Further, the Government is in the process of sending latent prints from an FBI evidence control room in Baltimore, to an FBI laboratory in Quantico, for comparison, and will produce the results to the Defendants once received. Lastly, the Government is in the process of cataloguing physical evidence obtained from the State of Maryland when the case was adopted federally and will provide counsel for the Defendants with evidence logs and coordinate to scheduling physical evidence reviews.

10.   Additional time is also required to allow the parties to engage in plea negotiations. In this case, one or more defendants have requested a pre-plea investigation, and the report(s) are expected to be completed by October 10, 2025.

11.   Further, this is a complex case given the seriousness of the charges, the number of defendants, and overall, the nature of the prosecution, making it unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established under the Speedy Trial Act. First, this case is complex because the Government has charged this as a RICO Conspiracy which requires proving the underlying racketeering acts, but also the elements of a RICO Conspiracy. Second, this case is complex because there is a potential for charging a death penalty eligible charge in this case and the Government has certain processes before determining whether to charge death penalty eligible charges, and whether to seek or not seek the death penalty. As noted in the Justice Manual, the Government must consult with the Capital Case

Section and ultimately seek approval from the Attorney General of the United States to seek or not seek the death penalty based on specific standards of determination. See Justice Manual §§ 9-10.040 (Consultation with the Capital Case Section), 9-10.060 (Mandatory Pre-Indictment Review), 9-10.140 (Standards for Determination). Ultimately, this adds a level of complexity to this case that is not typically experienced in other cases.

12. As such, trial within 70 days would deny counsel for Defendants and the Government the reasonable time necessary for effective preparation.

13. Accordingly, the interests of justice served by the requested exclusion of time outweigh the interests of the Defendants, and the public, in a speedy trial, and a continuance and exclusion of time is permitted by 18 U.S.C. § 3161(h)(6) and (7).

Based on the foregoing, the parties respectfully request that the Court enter an order finding the time between September 16, 2025, through December 15, 2025, as excludable time under 18 U.S.C. § 3161(h)(6) and (7). Counsel for Villanueva-Bautista and Lainez consented to this motion. The Government emailed counsel for Quijano-Casco on September 15 and 16, 2025 but did not receive a response. A proposed Order is submitted herewith.

Respectfully submitted,

Kelly O. Hayes
United States Attorney


By: _____/s/_____
     Joel Crespo
     Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| v. | * | |
| | * | |
| **MAXWEL ARIEL QUIJANO-CASCO,** | * | **CRIMINAL NO. DLB-25-210** |
| et al. | * | |
| | * | |
| **Defendant** | * | |
| | * | |

## ORDER

Having considered the Motion to Exclude Time Pursuant to the Speedy Trial Act, and good and sufficient cause having been shown—and taking into account the public interest in the prompt disposition of criminal cases— it is hereby noted that—

In this case, additional time is needed to allow the Government to continue producing discovery to each defendant. Discovery in this case is voluminous and requires collecting individual hard drives from defense counsel prior to productions. The Government made an initial production on July 30, 2025, producing nearly 300 gigabytes of data. The Government made a second discovery production on September 15, 2025, producing nearly 100 gigabytes of data.

The Government intends to make additional productions. The Government has contracted with a translator to transcribe and translate three interviews from Spanish to English (327 minutes of conversation time for all three interviews) and that process could take up to 60 days, after which the Government will produce the resulting work product to the Defendants. Further, the Government is in the process of sending latent prints from an FBI evidence control room in Baltimore, to an FBI laboratory in Quantico, for comparison, and will produce the results to the Defendants once received. Lastly, the Government is in the process of cataloguing physical evidence obtained from the State of Maryland when the case was adopted federally and will

provide counsel for the Defendants with evidence logs and coordinate to scheduling physical evidence reviews.

Additional time is also required to allow the parties to engage in plea negotiations. In this case, one or more defendants have requested a pre-plea investigation, and the report(s) are expected to be completed by October 10, 2025.

Further, this is a complex case given the seriousness of the charges, the number of defendants, and overall, the nature of the prosecution, making it unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established under the Speedy Trial Act.  First, this case is complex because the Government has charged this as a RICO Conspiracy which requires proving the underlying racketeering acts, but also the elements of a RICO Conspiracy.  Second, this case is complex because there is a potential for charging a death penalty eligible charge in this case and the Government has certain processes before determining whether to charge death penalty eligible charges, and whether to seek or not seek the death penalty.  As noted in the Justice Manual, the Government must consult with the Capital Case Section and ultimately seek approval from the Attorney General of the United States to seek or not seek the death penalty based on specific standards of determination. See Justice Manual §§ 9-10.040 (Consultation with the Capital Case Section), 9-10.060 (Mandatory Pre-Indictment Review), 9-10.140 (Standards for Determination).  Ultimately, this adds a level of complexity to this case that is not typically experienced in other cases.

Accordingly, the interests of justice served by the requested exclusion of time outweigh the interests of the Defendants, and the public, in a speedy trial, and a continuance and exclusion of time is permitted by 18 U.S.C. § 3161(h)(6) and (7).

**ORDERED**, for the reasons set forth above and, in the Motion, which is incorporated herein, that the Motion is **GRANTED**; and it is further

**ORDERED**, the time period of September 16, 2025, to December 15, 2025, inclusive, is excluded in computing the time within which the trial must commence, pursuant to 18 U.S.C. § 3161 (h)(6) and (h)(7).

Nothing in this Order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO **ORDERED**.

_____
THE HONORABLE DEBORAH L. BOARDMAN
UNITED STATES DISTRICT JUDGE

3